**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| RPC BRANDS, LLC,<br>1881 N Nash Street, Unit 2301<br>Arlington, VA 22209<br><br>Plaintiff,<br><br>v.<br><br>TEQUILA WORKS, INC. d/b/a<br>QUINTALIZA TEQUILA<br>3185 NE Federal Hwy<br>Jensen Beach, FL 34957<br><br>Defendant. | Civil Action No. 1:26-cv-362 |

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT**

Plaintiff RPC Brands, LLC ("Plaintiff" or "RPC Brands") brings this Complaint against Defendant Tequila Works, Inc. d/b/a Quintaliza Tequila ("Defendant" or "Quintaliza") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action arising out of Defendant's acceptance of services rendered by Plaintiff in developing and promoting Defendant's tequila brand, followed by Defendant's failure to pay for those services despite written demand and without disputing the work performed or the amounts invoiced.

2. RPC Brands fully performed and Quintaliza did not dispute performance but instead failed to pay in an amount not less than **$25,207.51** in invoiced amounts.

3. Having received the benefit of RPC Brands' services without payment, Plaintiff now seeks judicial relief including (i) a declaration establishing Defendant's obligation to pay for services

1

rendered; (ii) damages for breach of an implied-in-fact contract formed through assent by conduct; and (iii) in the alternative, recovery in unjust enrichment for the value of services conferred and retained without payment.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1). Complete diversity exists. Plaintiff is a limited liability company whose members are residents of Virginia. Defendant is a Delaware corporation with a principal place of business in Florida. The amount in controversy exceeds $75,000.[1]

7.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the services for which payment is sought were performed from Virginia, Defendant knowingly engaged a Virginia-based company, and invoices were issued from and payable to Virginia.

## PARTIES

8.  Plaintiff RPC Brands LLC is a Delaware limited liability company with its principal place of business in Virginia and is duly authorized to transact business in Virginia (SCC Entity ID No. 11957693). RPC Brands is engaged in the development and growth of wine and spirits brands within the adult-beverage industry. RPC Brands provides strategic consulting, brand development, and sales execution services for portfolio companies through a proprietary sales platform.

9.  Defendant Tequila Works, Inc. d/b/a Quintaliza Tequila is a Delaware corporation with a principal place of business in Florida that is engaged in the production, marketing, and sale of tequila products across the United States.

## FACTUAL ALLEGATIONS

---

[1] Inclusive of the unpaid amount of invoices totaling not less than $25,207.51 as well as attorneys' fees, cost of suit, and other fees.

2

10. In 2024–2025, RPC Brands and Quintaliza engaged in business discussions in which Quintaliza expressed interest in having RPC build, promote, and sell the Quintaliza brand.

11. Through these communications, Quintaliza assented to RPC Brands undertaking sales-execution and brand-development work on Quintaliza's behalf, and RPC Brands began performing those services under their standard rate of $2,500 per salesperson, per month.

12. RPC Brands thereafter provided the requested brand-development and market-execution services for the Quintaliza portfolio, deploying personnel from Florida and New Jersey and performing work from Virginia for Quintaliza's benefit.

13. Quintaliza accepted the benefit of these services without objection to the scope or terms while RPC Brands was performing them.

14. RPC Brands issued invoices to Quintaliza reflecting the fees associated with the services performed.

15. Quintaliza did not object to any invoice, did not dispute the services rendered, and did not assert that no obligation to pay existed.

16. Quintaliza previously remitted payment on invoices issued by RPC Brands from September 2024 - April 2025, reflecting the parties' course of performance and Quintaliza's acknowledgment of its payment obligations under the Agreement.

17. In an email communication in June 2025, Quintaliza's CEO acknowledged RPC Brands' ongoing efforts and referenced cash-flow constraints preventing immediate payment; the CEO did not contest RPC's entitlement to payment.

18. On or about October 6, 2025, RPC Brands issued a written demand for payment of the outstanding invoiced amounts. A true and correct copy of the written demand is referenced herein and will be attached as Exhibit A.

19. Quintaliza did not assert non-performance, and did not invoke any purported right to withhold payment.

20. Defendant's refusal to pay or respond has made judicial intervention necessary.

### COUNT I — DECLARATORY JUDGMENT
### (28 U.S.C. §§ 2201–2202)

21. Plaintiff incorporates by reference Paragraphs 1-20 as though fully set forth herein.

22. A live controversy exists because Quintaliza, after accepting the benefits of RPC Brands' performance, has refused to pay or acknowledge the debt.

23. By its conduct, Quintaliza has created an actual dispute requiring judicial resolution as to its obligation to pay the invoiced amounts.

24. RPC Brands is entitled to a declaration that Quintaliza is obligated to pay RPC Brands the unpaid invoices pursuant to the Agreement.

### COUNT II — BREACH OF IMPLIED-IN-FACT CONTRACT

25. Plaintiff incorporates by reference Paragraphs 1-24 as though fully set forth herein.

26. Through emails and conduct, Quintaliza assented to RPC performing brand-building and sales-execution services on its behalf.

27. RPC Brands rendered those services and Quintaliza accepted them without objection.

28. By accepting performance, Quintaliza incurred an obligation to compensate RPC Brands for the reasonable value of the services performed and invoiced.

29. Quintaliza breached that implied-in-fact agreement by failing to pay for services rendered and invoiced.

30. As a direct and proximate result of Defendant's breach, RPC Brands has suffered damages in an amount not less than $25,207.51

31. Because RPC Brands was forced to resort to litigation to secure payment that should have

been made without suit, RPC Brands is also entitled to recover attorneys' fees and costs as permitted by Virginia law in actions arising from a party's wrongful refusal to honor contractual obligations.

### COUNT III — ANTICIPATORY REPUDIATION
### (PLED IN THE ALTERNATIVE TO COUNTS II)

32. Plaintiff incorporates by reference Paragraphs 1–31 as though fully set forth herein.

33. After RPC Brands completed the services it agreed to perform and issued invoices now past due, Quintaliza's CEO sent written communications in October 2025 stating, in substance, that Quintaliza did not have the funds and would not be able to address outstanding obligations until the occurrence of an uncertain future capital raise.

34. Quintaliza did not contest the validity of the invoices, did not dispute that payment was owed, and did not propose a definite timeline for performance.

35. Through these written statements, Quintaliza communicated that it did not intend to perform when payment was due, making any future payment contingent, indefinite, and speculative.

36. Quintaliza's October 2025 communications therefore constitute an anticipatory repudiation of its obligation to pay RPC Brands for services rendered.

37. Plaintiff is therefore entitled to treat the implied-in-fact agreement as repudiated and to recover damages flowing from that repudiation, including the full amount of past-due invoices and any additional expectancy or consequential damages allowed by law.

### COUNT IV — UNJUST ENRICHMENT
### (PLED IN THE ALTERNATIVE TO COUNTS II-III)

38. Plaintiff incorporates by reference Paragraphs 1–37 as though fully set forth herein.

39. RPC Brands conferred a benefit upon Quintaliza by providing brand-development and

5

sales-execution services from which Quintaliza directly profited or expected to profit.

40. Quintaliza knowingly accepted and retained that benefit.

41. Under the circumstances, it would be inequitable for Quintaliza to retain the benefit without paying RPC Brands the reasonable value of the services provided.

42. RPC is entitled to restitution in an amount equivalent to the value of the services unjustly retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendant and award the following relief:

A. A declaration that Defendant is obligated to pay the invoiced amounts owed to Plaintiff;

B. Compensatory damages in the amount of at least $25,207.51 in unpaid invoices;

C. An award of attorneys' fees under the Court's equitable powers, given the willful, wanton, and oppressive nature of Defendant's conduct in wrongfully withholding payment and forcing this litigation. Such relief is warranted under *St. John v. Thompson*, 299 Va. 431, 435 (2021), and *Prospect Development Co. v. Bershader*, 258 Va. 75, 92 (1999), which recognize a narrow equitable exception to the American Rule permitting fee awards where necessary to prevent a manifest injustice in cases involving egregious misconduct. Because this action seeks declaratory and other equitable relief, Plaintiff's claim for attorney's fees constitutes part of the amount in controversy for purposes of 28 U.S.C. § 1332(a);

D. Costs of suit;

E. Pre- and post-judgment interest; and

E. Such other relief as the Court deems just and proper.

Date: February 5, 2026                                        Respectfully submitted,


_____

Robert Powers, Esq. (VSB# 80822)
MCCLANAHAN POWERS, PLLC
3160 Fairview Park Drive, Suite 410
Falls Church, VA 22042
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
            Email: rpowers@mcplegal.com
                   ldavis@mcplegal.com


Nadin Linthorst*
New York State Bar No. 5559042
Lex Politica PLLC
#129 7415 SW Parkway
Building 6, Suite 500
Austin, TX 78735
Telephone: 512-354-1785
jessica@lexpolitica.com
nlinthorst@lexpolitica.com

COUNSEL FOR PLAINTIFF

* *Motion for admission* pro hac vice *forthcoming*

## CERTIFICATE OF TRANSMISSION

I hereby certify that the forgoing COMPLAINT with referenced EXHIBITS, if any, is being electronically transmitted on the date noted below via the CM/ECF system of the U.S. District Court for the Eastern District of Virginia at https://ecf.vaed.uscourts.gov/. The requisite filing fee of $400.00 and any additional fees related to this matter are being charged to a credit card concurrently with this filing.

Date: February 5, 2026,                      By: _____
                                              Robert Powers, Esq.
                                              *Counsel for Plaintiff*

7